Melita Picciotto & another[1] *vs.* Albert P. Zabin & others (No. 2).[2] February 7, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Stefano Picciotto, on behalf of Athena Picciotto, and Melita Picciotto, appeal pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of their request, under G. L. c. 211, § 3, for relief. They claim that a Superior Court judge erroneously has refused to release certain settlement funds to them.

The petitioners state that Travelers Indemnity Company, with whom the Picciottos settled all their claims, commenced the present action "as an interpleader" because it decided it could not disburse the funds without risking incurring additional liability as a result of the multiple assertions of attorneys' liens. The attorney lienholders state that the Travelers Indemnity Company filed the interpleader action "at the behest of the Picciottos." The petitioners deny that it was done at their "behest," but say they "acquiesced in the interpleader alternative."

In releasing funds to specified law firms through the orders at issue, the

---

[1]Athena Picciotto, by her father and next friend, Stefano Picciotto.

[2]Attorneys, law firms, and partnerships claiming to be entitled to fees from the settlement discussed above.

judge indicated he was doing so because the funds were needed to support present litigation.[3] Those orders are interlocutory; we examine whether the petitioners have set forth, as rule 2:21 (2) requires, "reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment . . . or by other available means." They state that "the entire settlement fund was deposited" with the court and contend that even a temporary deprivation "of the money they need to competently present their claims, to attend the schools of their choice, [and] to enjoy even a few luxuries" is irreparable.

Nevertheless, the petitioners have not indicated why they may not seek the release of additional funds as needs arise, and why they may not obtain adequate review of the orders on appeal or by other means (e.g., at the scheduled trial). The petitioners have not met their burden under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Dana E. Casher* for the petitioners.

---

[3]The firms represent Athena, Melita, Judith, and Stefano Picciotto; Juan Nunez; and Foreign Car Center, Inc.

